**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50550**

| | | |
|---|---|---|
| In the Matter of: John Doe I and John Doe II Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | **Filed: July 14, 2023** |
| | ) | |
| Petitioner-Respondent, | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| v. | ) ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| JANE DOE (2023-08), | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Chief Canyon County Public Defender; Alex W. Brockman, Deputy Public Defender, Caldwell, for appellant.

Hon. Raúl R. Labrador, Attorney General; Teri A. Whilden, Deputy Attorney General, Caldwell, for respondent.

---

GRATTON, Judge

Jane Doe appeals from the judgment terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of twins, John Doe I and John Doe II, the children involved in this action (children). In June 2019, the children were placed into the custody of the Department of Health and Welfare (Department). The Department filed a petition to terminate Doe's parental rights based on neglect and best interests of the children. The termination trial began on February 2, 2022, and following a continuance, concluded on October 5, 2022. After trial, the magistrate court found clear and convincing evidence Doe neglected the children and termination of Doe's parental

rights is in the children's best interests. As a result, the magistrate court terminated Doe's parental rights.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id*. The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Adoption of Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's

---

[1]	The magistrate court also terminated the father's parental rights to the children. That decision is not at issue in this appeal.

decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

**III.**

**ANALYSIS**

Doe challenges the magistrate court's judgment terminating her parental rights. Doe argues the magistrate court erred by applying the wrong legal standard in finding neglect because of Doe's failure to complete the case plan. Doe further contends the magistrate court erred in finding clear and convincing evidence that terminating Doe's parental rights is in the best interests of the children.

**A.    Neglect**

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

As an initial matter, Doe claims the magistrate court erred because the plain language of the statute requires a finding that the parent *failed to comply* with court orders or the case plan not that a parent *failed to complete* a case plan, and the magistrate court found Doe did not complete her case plan. Doe maintains a finding of whether a parent completed the case plan within the

3

deadline is not an element of neglect. Doe makes a semantics argument that disregards what the magistrate court determined. The magistrate court used the terms complete and comply interchangeably. There is nothing in the record supporting the assertion that the magistrate court applied an incorrect legal standard because it articulated in its findings that Doe had failed to comply or failed to complete several aspects of the case plan. Where a trial court orders a case plan that sets out tasks a parent must successfully complete to reunify with her children, the directives and requirements of the task must be completed in order to complete the case plan and comply with the court's order. Whether termed as Doe's failure to complete or failure to comply, Doe did not satisfy key terms of the plan necessary for reunification. Thus, the magistrate court did not use the incorrect legal standard.

Doe does not dispute that the magistrate court correctly found Doe had not meaningfully complied with the case plan for approximately thirty-three months prior to the first day of the termination trial. During the trial, Doe acknowledged she had not taken any steps to comply with the case plan tasks to not use illegal substances and to address her mental health needs until she was sentenced to drug court a year after the petition was filed. Doe further acknowledged that prior to drug court she did not have stable employment, was in and out of shelters or homeless, and was abusing substances. Doe admitted that her own choices and behavior caused her failure to comply with the case plan. During that time, as noted by the magistrate court, Doe had not engaged in mental health treatment, submitted to consistent drug testing as requested or demonstrated sustained sobriety outside of in-patient treatment or incarceration, completed a parenting class, or demonstrated appropriate parenting skills. Additionally, her visitation with the children was inconsistent and she had not maintained safe and stable housing.

The issue in this case is the progress that Doe made on the case plan between the first day of the termination trial, February 2, 2022, and the second and last day of the termination trial, October 5, 2022. In its decision, the magistrate court noted Doe's recent progress and concluded, despite this progress, she did not comply with the case plan:

> Over the course of the eight months since the first day of the termination trial, [Doe] began to change her life. With the structure of drug court, [Doe] has consistently tested clean for illegal substances since entering the program in January 2022. She is enrolled in individual counseling and attending a panoply of classes to overcome her addiction. She is employed, has transportation and a sound plan for stable housing. She completed two parenting classes, including the Department approved Protective Parenting class, and composed a safety plan for

4

her children in case of relapse. In short, [Doe] achieved the stability that the case plan is designed to create through diligent parental engagement. Her tremendous effort and dedication the past few months is not unnoticed or disregarded by this court. However, [Doe] has not yet completed her case plan and she has not reunified with her children.

Doe argues she complied with all services specified in the case plan by the completion of the termination trial and clear and convincing evidence does not support a finding that Doe had failed to comply with the case plan. Doe asserts her failure to engage earlier, though contrary to the deadline specified in the case plan, was not sufficiently compelling to warrant a finding that Doe failed to comply with the case plan tasks and services by the time the trial was concluded. Doe maintains if it were not for the magistrate court focusing on whether Doe had completed, rather than complied with, the case plan, clear and convincing evidence would not support the magistrate court's finding of neglect.

Despite complimenting Doe on her recent progress, the magistrate court determined that she had not completed critical tasks necessary for reunification. First, Doe's case plan requires that she

> will demonstrate safe, protective, developmentally appropriate parenting skills, and age appropriate boundaries; and understanding of the skills learned in the parenting class will be demonstrated through interactions with their [sic] children. [Doe] will demonstrate ability to parent and an ability to keep the children safe. [Doe] will actively participate in addressing her children's specific needs. [Doe's] gained skills will be assessed by her support network, assigned DHW social worker, and GAL.

The magistrate court found that Doe had not yet demonstrated an ability to appropriately parent the children through interaction. Further, the magistrate court noted that Doe had not demonstrated safe, protective, developmentally appropriate parenting skills, age appropriate boundaries, or an ability to meet the children's specific needs. Doe's visits with the children were inconsistent, she was disengaged, left responsibility to meet the children's needs to others, refused to recognize their dietary needs which left them sick, and the children's behavior after visits was dysregulated and regressed. Indeed, in order to protect the children, the magistrate court ordered visitation between Doe and the children be ceased pending the outcome of the termination trial. While the magistrate court noted that Doe may have been motivated to improve her parenting skills following the first day of the termination trial, her very delayed participation in the case plan resulted in insufficient time for Doe to demonstrate the parenting skills set out in the case plan.

5

Second, the magistrate court recounted that the case plan required that "[Doe] will participate in individual counseling to address domestic violence concerns within the home." Although the magistrate court noted that Doe had been attending individual counseling between the first and last day of the termination trial, there was no indication that the counseling was specifically addressing domestic violence issues as required by the case plan and a very important safety issue for the children.[2] In sum, the magistrate court found that Doe had not demonstrated appropriate parenting skills or addressed the domestic violence issues in her household. Reunification had not occurred after more than three years, which constitutes neglect under Idaho law.

At the time the termination trial began, Doe had not meaningfully participated in or completed any of the tasks on her case plan. However, the termination trial did not conclude until eight months later, and by then Doe began treatment in drug court and made progress on her case plan. Although Doe did work on case plan tasks during the pendency of the trial, important parenting and safety tasks remained and Doe had not been reunified with the children. Doe's late engagement with her case plan during the pendency of the termination trial left her no opportunity to demonstrate appropriate parenting skills before the conclusion of the trial. Further, Doe testified she has been able to be successful in drug court because she only had to focus on herself and did not have parenting duties of her children. Doe has not had a role in parenting her children since they were six months old and has not demonstrated she could be an appropriate and safe parent. Additionally, Doe still has not engaged in individual counseling addressing domestic violence issues and, as a result, has not addressed this very important safety issue for the children. Substantial and competent evidence supports the magistrate court's finding that Doe neglected the children.

## B.     Best Interests of the Children

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the

---

[2]     The children at issue were removed from Doe's care due to concerns of parental substance abuse and domestic violence in the home.

financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe asserts the magistrate court erred by failing to account for Doe's strong bond with the children and to consider all reports that indicated Doe was affectionate with the children. Doe further contends the magistrate court simply compared the benefit the children would obtain by permanency through adoption with their foster-placement with the additional time it would take for Doe to reintegrate into the children's lives.

Love does not always translate into the ability to discharge parental responsibilities and Doe's love does not override the court's finding that terminating Doe's parental rights is in her children's best interests. *Idaho Dep't of Health and Welfare v. Doe*, 149 Idaho 165, 171, 233 P.3d 96, 102 (2010). While Doe testified at trial she felt a bond towards the children, there was no evidence the children still had a bond with Doe. The children were less than one year old when removed from Doe. Doe's visits were inconsistent and supervised before being ceased. Testimony from the Department was that it is in the children's best interests to terminate Doe's parental rights, which the magistrate court found credible. Testimony was presented that the children have bonded with the foster parents, foster siblings, and foster family's extended family because they have lived with the foster family for three and a half years. The foster parents have met the children's physical and emotional needs, and the children have not known anything other than their foster family. The magistrate court determined that the children are safe and stable in their foster home. Even if Doe were given an opportunity to work towards reunification with her children, there is no guarantee of reunification. The magistrate court found Doe has been given longer than the statutory guideline of fifteen months to work on her case plan and did not make significant progress until placed in drug court after the termination trial started. The magistrate court noted there is no indication that following release from drug court Doe will remain sober and continue towards reunification with her children. The magistrate court did not err in determining it is not in the children's best interests to remain in foster care longer to determine if Doe can re-establish her relationship with them and demonstrate her ability to appropriately parent the children and meet their needs. The magistrate

7

court did not err in finding that terminating Doe's parental rights is in the best interests of the children.

## IV.
## CONCLUSION

The magistrate court's findings are supported by substantial and competent evidence in the record, and the determination to terminate Doe's parental rights is based on clear and convincing evidence. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.